# In the United States Court of Federal Claims

| | |
|---|---|
| ELISHA CUMMINGS,<br><br>               *Plaintiff,*<br><br>    v.<br><br>THE UNITED STATES,<br><br>               *Defendant*. | No. 24-949 C<br>(Filed: October 15, 2024) |

Elisha Cummings, Rancho Cordova, CA, *pro se*.

Eric P. Bruskin, Civil Division, United States Department of Justice, Washington, DC, for defendant.

**OPINION AND ORDER**
Granting the Government's Motion to Dismiss,
Granting Ms. Cummings's Motion to Proceed In Forma Pauperis, and
Denying Ms. Cummings's Motions for Leave to Amend and to Compel Discovery

**SILFEN,** *Judge.*

      Elisha Cummings filed a complaint in this court stemming from a landlord-tenant dispute over a property in California. ECF No. 1. Ms. Cummings seeks monetary damages and an order establishing her ownership of the disputed property. ECF No. 1 at 8-9. The government moved to dismiss Ms. Cummings's complaint. ECF No. 6. Later, Ms. Cummings filed a motion to amend her complaint. ECF No. 11.[1] This court does not have jurisdiction over Ms. Cummings's claims

---

[1] The court sealed both Ms. Cummings's response to the government's motion to dismiss and her motion to amend the complaint (ECF Nos. 7, 8, 11), as they contain financial account numbers. *See* Rules of the Court of Federal Claims (RCFC), Rule 5.2.

1

because her claims are not against the federal government; instead, they are against private individuals and private companies, and this court lacks jurisdiction over suits against those parties. Ms. Cummings's proposed motion to amend her complaint and its accompanying documents do not correct the issues relating to this court's lack of subject-matter jurisdiction, so the amendment would be futile. Thus, this court **grants** the government's motion to dismiss, **dismisses** Ms. Cummings's complaint and **denies** her request to amend the complaint.

With her complaint, Ms. Cummings filed a request to proceed in forma pauperis, seeking to litigate this case without paying the court's filing and administrative fees. ECF No. 2. Having reviewed Ms. Cummings's application, the court **grants** her motion to proceed in forma pauperis.

## I.  Background

In July 2020, Ms. Cummings entered into a lease agreement at La Loma Terrace in Rancho Cordova, California. ECF No. 1 at 3 [¶1]. Ms. Cummings alleges that a government agency subsidized and prepaid her rent for the property. *Id.*[2] In February 2024, Ms. Cummings's landlord modified the lease agreement to increase the monthly rent. *Id.* at 3 [¶2]. The next month, the landlord served Ms. Cummings with a notice to vacate the property or to pay rent within three days. *Id.* at 3 [¶3]. Ms. Cummings later tried to pay the past-due rent, but the landlord rejected the payment because it did not include additional costs beyond the rent for "non-rental charges and attorney fees." *Id.* at 4 [¶8]. Ms. Cummings also alleges problems with habitability of the property, including roaches and mold. *Id.* at 5. The landlord began eviction proceedings in the Superior Court of California in Sacramento County. *See* ECF No. 1-2 at 42-53. That court entered a default

---

[2] Ms. Cummings's complaint states that the agency that subsidized her rent was the United States Department of Housing and Urban Development (HUD). ECF No. 1 at 3 [¶1]. In her proposed amended complaint, Ms. Cummings states that she listed HUD in error, and she requests that HUD be replaced with the California Department of Real Estate. ECF No. 11 at 1.

judgment against Ms. Cummings and issued a notice to vacate in June 2024. *Id*. at 48-53. Ms. Cummings seeks $2,675,000 in damages and an order establishing her ownership of the property. ECF No. 1 at 8-9 [¶15].

**II.     Discussion**

The government moves to dismiss for lack of subject-matter jurisdiction. ECF No. 6; *see* RCFC 12(b)(1).

The Tucker Act primarily defines this court's jurisdiction. It gives the court exclusive jurisdiction to decide specific types of monetary claims against the United States. *Kanemoto v. Reno*, 41 F.3d 641, 644 (Fed. Cir. 1994); 28 U.S.C. § 1491(a)(1). The Tucker Act provides the court with "jurisdiction to render judgment upon any claim against the United States founded … upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).

A "plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). This court has traditionally held the pleadings of a pro se plaintiff to a less stringent standard than those of a litigant represented by counsel. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The court has therefore exercised its discretion in this case to examine the pleadings and record "to see if [the pro se] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 188 Ct. Cl. 456, 468 (1969). The court must generally "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff" when determining if subject-matter jurisdiction exists. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). Regardless, pro se plaintiffs still have the burden of establishing the court's

jurisdiction by a preponderance of the evidence. *See Landreth v. United States*, 797 F. App'x 521, 523 (Fed. Cir. 2020) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

A plaintiff may amend her complaint under rule 15(a)(1) as a matter of course within 21 days after service of the government's motion to dismiss. A plaintiff may amend her complaint under rule 15(a)(2) with the other party's consent or the court's leave, which should be given "when justice so requires." Courts construe that language liberally, and generally grant leave to amend barring any "apparent or declared reason" not to permit amendment. *A & D Auto Sales, Inc. v. United States*, 748 F.3d 1142, 1158 (Fed. Cir. 2014) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). But the court should deny leave to amend if the amendment would be futile. *Foman*, 371 U.S. at 182.

### A. The United States is the only proper defendant in this court

This court lacks jurisdiction over private individuals and companies; it only has jurisdiction over claims against the federal government. 28 U.S.C. § 1491. "[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." *United States v. Sherwood*, 312 U.S. 584, 588 (1941) (citations omitted); *see Beauvais v. United States*, No. 24-1353, 2024 WL 2860170, at *1 (Fed. Cir. June 6, 2024) (holding that suits against private companies are "plainly beyond the jurisdiction of the Claims Court"). The court therefore lacks jurisdiction over state and local entities as well. *Curry v. United States*, 787 F. App'x 720, 722-23 (Fed. Cir. 2019) (holding that the Court of Federal Claims lacks jurisdiction to hear cases asserted against states, localities, and employees of those governments in both their official and personal capacities). Claims against any party that is not the federal government or its agents must be dismissed for lack of jurisdiction. *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997).

Although the court has liberally construed the complaint in the light most favorable to Ms. Cummings, her allegations focus on her disputes with her landlord and the property management company. Ms. Cummings does not allege that the federal government or one of its agents is a party to the dispute, beyond a single allegation that HUD subsidized her rent, which she later retracted in her motion to amend the complaint. *Compare* ECF No. 1 at 3 [¶1] *with* ECF No. 11 at 1-2 [¶1]. Even if HUD subsidized her rent, that does not make the federal government, or HUD in particular, a party to the contract between herself and the landlord. *E.g.*, *Houston v. United States*, 132 Fed. Cl. 339, 342-43 (2017) (holding that this court lacked jurisdiction over an eviction dispute between a veteran—who had participated in a government housing program—and his private landlord).

Ms. Cummings mistakenly believes that this court has the same jurisdiction as other federal courts, and the complaint's "basis for jurisdiction" is diversity jurisdiction under 28 U.S.C. § 1332. ECF No. 1 at 2. Unlike other federal courts, the United States Court of Federal Claims does not have diversity jurisdiction; instead, this court's jurisdiction is governed by the Tucker Act, and a plaintiff must assert claims against the federal government for money damages. *Curry*, 787 F. App'x at 722-23 ("The Claims Court also lacks jurisdiction to adjudicate civil actions under 28 U.S.C. § 1332, which confers original jurisdiction to district courts."); 28 U.S.C. § 1491(a)(1); *see Kanemoto*, 41 F.3d at 644.

Ms. Cummings also argues that her dispute is against the federal government because her contract with the bank is considered a public debt and therefore an obligation of the United States under the Constitution. ECF No. 8 at 10-12. But her contract with the bank is a matter between herself and the bank and cannot give this court jurisdiction. *Stephens v. United States,* 166 Fed. Cl. 598, 604 (2023) (explaining that the court lacks jurisdiction over disputes between plaintiffs and private banks); *see Erickson Air Crane Co. of Washington v. United States,* 731 F.2d 810, 813

(Fed. Cir. 1984) ("The government consents to be sued only by those with whom it has privity of contract.").

Ms. Cummings's claims are all against entities that are not the federal government or its agents, and they must be dismissed for lack of subject-matter jurisdiction.

**B.     Ms. Cummings's proposed amendments to the complaint would be futile**

Ms. Cummings filed proposed amendments to the complaint on September 17, more than 21 days after the government filed its motion to dismiss. The court should deny Ms. Cummings's motion to amend her complaint under rule 15(a)(2) if the amendment would be futile. *Foman*, 371 U.S. at 182. "A proposed amendment is futile if it would not survive a motion to dismiss." *Marchena v. United States*, 128 Fed. Cl. 326, 330 (2016), *aff'd*, 702 F. App'x 988 (Fed. Cir. 2017).

Here, Ms. Cummings's proposed amendment to her complaint would not cure any of the deficiencies discussed above. Ms. Cummings has not alleged new facts that involve the federal government. She primarily seeks to clarify that the original complaint mistakenly listed HUD as a defendant, asking to replace HUD with a private company, BLVD Residential, and a California stage agency, the California Department of Real Estate. ECF No. 11 at 1-2. For the reasons explained above, the court lacks jurisdiction over parties that are not the federal government, including private companies and state government agencies, and the amendment would only add additional parties that the court lacks jurisdiction over. Thus, allowing Ms. Cummings to amend her complaint would be futile.

Ms. Cummings attaches to the motion a document titled a "motion to compel discovery" that seeks to add documents to the proposed amended complaint. ECF No. 11-1. The court construes that document as part of the motion to amend the complaint, and the proposed amendments would likewise be futile because they do not add viable claims against the federal government.

C.  **Ms. Cummings may proceed in forma pauperis**

Under 28 U.S.C. § 1915, a plaintiff may move to proceed in forma pauperis, entitling her to relief from the costs and fees associated with initiating a lawsuit. The court has discretion to grant the motion whenever it determines, based on the financial information submitted, that the plaintiff is unable to pay the fees. *Brestle v. United States*, 139 Fed. Cl. 95, 103 (2018); *see also Colida v. Panasonic Corp. of North America*, 374 F. App'x 37, 38 (Fed. Cir. 2010). The threshold to establish the need to proceed in forma pauperis is not high. *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (2007); *see also Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). "[P]auper status does not require absolute destitution," and "the question is whether the court costs can be paid without undue hardship." *Chamberlain v. United States*, 655 F. App'x 822, 825 (Fed. Cir. 2016) (quoting *Foster v. Cuyahoga Department of Health & Human Services*, 21 F. App'x 239, 240 (6th Cir. 2001)).

In her application, Ms. Cummings attests that she receives a gross yearly employment salary of $33,000. ECF No. 2 at 1-2. That is her sole source of income. *Id.* Most of her monthly net income ($2,110) covers her monthly expenses ($1,953). *Id.* at 2. Ms. Cummings also states that she has no savings. *Id.*

Ms. Cummings's disclosed financial circumstances fall within the same range as other plaintiffs who have been granted in forma pauperis status. For example, in *Conner v. United States*, No. 21-2057, 2022 WL 2231222 at *3 (Fed. Cl. June 21, 2022), *aff'd*, No. 2023-1316, 2023 WL 5011753 (Fed. Cir. Aug. 7, 2023), this court granted in forma pauperis status to a plaintiff who similarly had negligible savings and had a higher monthly surplus income than Ms. Cummings. Ms. Cummings's $157 surplus each month is less than this court's total filing fee. *U.S. Court of Federal Claims Schedule of Fees*, United States Court of Federal Claims (Dec. 1, 2023), https://www.uscfc.uscourts.gov/sites/default/files/fee_schedule_20231201.pdf ($405.00   total

7

filing fee). Even if Ms. Cummings is "able to provide [herself] and dependents with the necessities of life," that does not exclude her from in forma pauperis status. *Adkins*, 335 U.S. at 339. Ms. Cummings has sufficiently demonstrated that paying the filing fee would impose an undue hardship on her.

### III. Conclusion

For these reasons, this court **grants** the government's motion to dismiss, **denies** Ms. Cummings's motions for leave to amend and compel discovery, **grants** Ms. Cummings's motion to proceed in forma pauperis, and **dismisses** Ms. Cummings's complaint. The Clerk of the Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

                                                           s/ Molly R. Silfen
                                                        MOLLY R. SILFEN
                                                        Judge